ARCHIE B. CORIN *vs.* JOHN F. GATELY, Junior.

Suffolk.    October 9, 1958. — November 17, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Practice, Civil,* Charge to jury.

In an action by the operator of an automobile for personal injuries sus-
tained in a collision with the defendant's motor vehicle, evidence
respecting treatment of the plaintiff by a drug to prevent epileptic
seizures from which he had suffered did not justify an inference that
the accident was caused by epilepsy on his part and there was reversible
error in the judge's charge in permitting the jury to draw such an
inference.

· TORT. Writ in the Municipal Court of the City of Boston dated April 26, 1956.

Upon removal to the Superior Court, the action was tried before *O'Malley*, J., a District Court judge sitting under statutory authority.

*Alfred A. Albert*, for the plaintiff.

*William F. Meara, Jr.*, for the defendant.

RONAN, J. This is an action of tort brought to recover for injuries sustained by the plaintiff when his automobile was struck in the rear by the defendant's motor vehicle while the plaintiff was attempting to drive to his right after passing two automobiles which were double parked on his right. There was a verdict for the defendant.

The plaintiff's physician without timely objection testified on cross-examination that the plaintiff had a history of idiopathic epilepsy with convulsions, which illness began in 1940 and for which he was being treated by the daily administration of 400 milligrams of dilantin, a drug used to prevent epileptic seizures. There was evidence that the plaintiff had taken a dilantin tablet one half hour before the accident, and that he took another upon being admitted to a hospital following the accident in order to prevent an attack. There was no evidence, however, that the plaintiff was suffering from an attack at the time of the accident. There was evidence that the plaintiff had had no attacks for three or four years prior to the accident.

With respect to the evidence of the plaintiff's past history of epilepsy, the judge charged the jury as follows: ". . . while there was no direct evidence that Mr. Corin was suffering from epilepsy or that epilepsy had anything to do with this accident, the defendant, through his counsel, has brought out in evidence certain facts that he would like to have you consider, certain matters, in the hope that you might draw an inference that the plaintiff, Mr. Corin, was suffering from epilepsy and that that was the cause of the accident or a contributing cause rather than any negligence of the defendant. I mention that in passing because it has been argued and it has been in evidence, and it is for you to

consider and it is there for whatever weight you may wish to give it, you being the sole judges of the facts." Counsel for the plaintiff objected and took exception to this portion of the charge.

The exception to the charge must be sustained for there was no direct evidence that the accident was caused by epilepsy and the evidence was insufficient upon which to base an inference that it was.

*Exceptions sustained.*